Chris Zhen (State Bar No. 275575)
chris.zhen@zhenlawfirm.com
Telephone: (213) 935-0715
Hogan Ganschow (State Bar No. 256137)
hogan.ganschow@zhenlawfirm.com
Telephone: (805) 664-1222
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036

*Attorneys for Plaintiff Rachel Yates*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rachel Yates, | Case No.: 2:21-cv-6205 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT;** |
| PetSmart LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

-1-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT          CASE NO.: 2:21-CV-6205

Plaintiff Rachel Yates, by and through her attorneys, files this Complaint for Patent Infringement and Demand for Jury Trial against PetSmart LLC. ("Defendant" or "PetSmart") and alleges as follows:

## THE PARTIES

1. Ms. Yates is a natural person who resides in Los Angeles, California. She is the inventor and owner of the entire interest of the patent-in-suit.

2. Defendant PetSmart is a limited liability company incorporated under the laws of Delaware and with its principal place of business in Phoenix, Arizona. PetSmart was founded over thirty years ago and is the largest retailer of services and products for pets.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant. Defendant conducts business and has committed acts of infringement in this judicial district, the State of California, and elsewhere in the United States.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b) in that this is the judicial district in which defendant has committed acts of infringement and has regular and established places of business.

## BACKGROUND FACTS

7. Ms. Yates conceived of a new animal harness for use in exercise to improve the health of animals while being comfortable to wear, among other benefits. She was a precocious inventor, having invented the subject matter of the patent-in-suit at the age of eleven.

8. The invention won Ms. Yates the first-place prize at an invention contest, with the prize including legal services for drafting and submitting a patent application for the invention as well as United States Patent and Trademark Office (USPTO) fees. All USPTO fees were paid by the prosecuting patent attorney, Mr. Andy Arismendi.

9. The patent application for Ms. Yates' invention was filed on March 27, 2003 and issued on March 23, 2004 as U.S. Patent Serial No. 6,708,650 (the '650 Patent). A true and correct copy of the '650 Patent is attached as Exhibit A.

10. Ms. Yates is the sole and exclusive owner of all right, title, and interest, in the '650 Patent.

11. Due to extraordinary circumstances, including the death of the prosecuting patent attorney Mr. Arismendi with the attendant breakdown in communication with Ms. Yates, the patent expired in 2008 due to non-payment of maintenance fees. Ms. Yates had no notice and no knowledge of the expiration of the patent from either the USPTO or the prosecuting attorney.

12. Around September 10, 2020, Ms. Yates discovered the patent was expired and petitioned the USPTO to accept unintentionally delayed payment of maintenance fees in an expired patent. The petition was eventually granted with

-3-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT       CASE NO.: 2:21-CV-6205

notice mailed on June 25, 2021. The patent is considered as not having expired at the end of the grace period for the payment of maintenance fees.

## PETSMART PRODUCTS

13. Defendant makes, uses, sells, offers for sale, and/or imports into the United States and this District animal harness products ("Accused Products") including the list below. True and correct copies of screen captures accessed on July 11, 2021 of the Accused Products are attached as Exhibits B1-B13:

|   | Manufacturer | Product | Product Link |
|---|---|---|---|
| 1 | Arcadia Trail | Arcadia Trail™ Stink-Free Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/arcadia-trailandtrade-stink-free-dog-harness-56553.html |
| 2 | Coastal Pet Products | Coastal Pet Products Comfort Wrap Personalized Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/coastal-pet-products-comfort-wrap-personalized-dog-harness-8311.html |
| 3 | Grreat Choice | Grreat Choice® Cat Harness | https://www.petsmart.com/cat/collars-harnesses-and-leashes/harnesses/grreat-choice-cat-harness-42030.html |
| 4 | Grreat Choice | Grreat Choice® Kitten Harness | https://www.petsmart.com/cat/collars-harnesses-and-leashes/harnesses/grreat-choice-kitten-harness-42033.html |
| 5 | Grreat Choice | Grreat Choice® Step In Adjustable Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/grreat-choice-step-in-adjustable-dog-harness-37072.html |
| 6 | Hip Doggie | Hip Doggie Snow Lepoard Step-In Harness and Leash | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/hip-doggie-snow-lepoard-step-in-harness-and-leash-8419.html |
| 7 | PetSafe | PetSafe® 3-in-1 Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/training-collars-leashes-and-harnesses/petsafe-3-in-1-dog-harness-50883.html |

| | | | |
|---|---|---|---|
| 8 | Top Paw | Top Paw® Gunmetal Core Adjustable Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/top-paw-gunmetal-core-adjustable-dog-harness-37612.html |
| 9 | Top Paw | Top Paw® Heart Adjustable Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/top-paw-heart-adjustable-dog-harness-37572.html |
| 10 | Top Paw | Top Paw® Signature Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/top-paw-signature-dog-harness-52783.html |
| 11 | Top Paw | Top Paw® Step-In Adjustable Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/top-paw-step-in-adjustable-dog-harness-55322.html |
| 12 | Top Paw | Top Paw® Travel Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/top-paw-travel-dog-harness-31143.html |
| 13 | Top Paw | Top Paw® Ultra Reflective Dog Harness | https://www.petsmart.com/dog/collars-harnesses-and-leashes/harnesses/top-paw-ultra-reflective-dog-harness-55320.html |

# COUNT ONE FOR INFRINGEMENT OF

# U.S. PATENT NO. 6,708,650

14. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all preceding paragraphs of this Complaint.

15. On March 23, 2004, the '650 Patent was duly and legally issued by the USPTO under the title "Method for Installing an Exercising Harness on an Animal." The '650 Patent is referred to as the "Asserted Patent."

16. Ms. Yates is the sole inventor and sole owner of the right, title, and interest in and to the '650 Patent, with the rights to assert all causes of action arising under the '650 Patent and right to collect any remedies for infringement of it. Ms.

Yates is the sole owner of the '650 Patent and has been the sole owner since issuance.

17. On information and belief, Defendant has and continues to directly infringe either literally or under the doctrine of equivalents, or both, Claim 6 by selling, offering to sell, making, using, providing, causing to be used the Accused Products.

18. On information and belief, the Accused Products have been used to infringe and continue to directly infringe Claim 6 of the '650 Patent during the pendency of the '650 Patent.

19. On information and belief, the Accused Products include each and every element of Claim 6:

> A harness for a four-legged animal, the harness comprising:
>> a first adjuster;
>> a second adjuster;
>> a strap having a first end loop and a second end loop;
>> a first leg loop; and
>> a second leg loop,
>> wherein the strap extending from the first end loop is
>>> inserted
>>> through the first leg adjuster and then back through the first leg adjuster forming the first leg loop,
>>> then through the second adjuster and back through the second adjuster forming the second leg loop, and

-6-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT     CASE NO.: 2:21-CV-6205

then through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, wherein the triangular opening is for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

20. Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop, the first and second adjusters, the first leg loop and second leg loop. Each and every one of the Accused Products includes the strap extending from the first end loop inserted through the first leg adjuster and then back through the first leg adjuster forming the first leg loop, and then through the second adjuster and back through the second adjuster forming the second leg loop, and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

21. Since at least the time of receiving this Complaint PetSmart has had actual notice that it is directly infringing the '650 Patent.

22. The Accused Products are used, marketed, provided to, and/or used by or for each of Defendant's partners, affiliates, subsidiaries, vendors, clients, customers, and/or end users in this District.

23. On information and belief, Defendant's infringement has been and continues to be willful.

24. Plaintiff has been harmed by Defendant's infringing activities.

25. As a result of Defendant's unlawful activities, Plaintiff has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Ms. Yates is actively engaged in licensing the patented technology. Defendant's continued infringement of the Asserted Patent causes harm to Plaintiff in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunities, inadequacy of money damages, and direct and indirect competition. Monetary damages are insufficient to compensate Plaintiff for these harms. Accordingly, Plaintiff is entitled to preliminary and/or permanent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rachel Yates prays for relief as follows:

1. For an Order enjoining Defendant, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing the '650 Patent;

2. A judgment declaring that Defendant has directly infringed Claim 6 of the '650 Patent in violation of 35 U.S.C. § 271.

3. A judgment, pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendant's infringement of the '650 Patent,

-8-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT        CASE NO.: 2:21-CV-6205

in an amount to be determined at trial, but in no event less than a reasonable royalty.

4. An order, pursuant to 35 U.S.C. § 284, finding that Defendant's infringement has been willful and deliberate and awarding to Plaintiff up to treble damages;

5. A judgment, pursuant to 35 U.S.C. § 284, awarding Plaintiff interest on the damages and its costs incurred in this action;

6. An award of pre-judgment and post-judgment interest and costs to Plaintiff pursuant to 35 U.S.C. § 284.

7. An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Plaintiff its reasonable attorneys' fees incurred in this action; and

8. For other such relief as the court deems just and proper.

//

//

//

//

//

//

//

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as such.

Respectfully Submitted,

Dated: November 17, 2021          ZHEN LAW FIRM

By: */s/ Hogan Ganschow*
Hogan Ganschow (State Bar No. 256137)
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
Telephone: (805) 664-1222
hogan.ganschow@zhenlawfirm.com

*Attorneys for Plaintiff Rachel Yates*