1  ZHEN LAW FIRM
2  5670 Wilshire Blvd #1800
   Los Angeles, CA  90036
3  Chris J. Zhen (SBN 275575)
   *chris.zhen@zhenlawfirm.com*
4  TEL: (213) 935-0715
   Hogan Ganschow (SBN 256137)
5  *hogan.ganschow@zhenlawfirm.com*
   TEL: (805) 664-1222
6
   *Attorneys for Plaintiff*
7  RACHEL YATES

8

9

10              **UNITED STATES DISTRICT COURT**

11           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                      **WESTERN DIVISION**

13

14  RACHEL YATES,                    Case No. 2:21-cv-06205-JAK(GJSx)

15         Plaintiff,                **PLAINTIFF'S OPPOSITION TO PETSMART'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

16    v.

17  PETSMART LLC,

18         Defendant.

19                                   Date:       April 25, 2022
                                     Time:       8:30 am
20                                   Courtroom:  10B
                                     Judge:      Hon. John A. Kronstadt
21

22

23

24

25

26

27

28

## NOTICE OF OPPOSITION

Plaintiff Rachel Yates ("Yates"), hereby respectfully files this Response to Defendant PetSmart LLC's ("PetSmart") Rule 12(b)(6) Motion to Dismiss ("Motion") alleging the First Amended Complaint ("FAC") is not adequately plead. (Dkt. 29.) This Response is based on the attached Memorandum of Points and Authorities, the Court's record in this action, including Yates's FAC, the patent-in-suit, its prosecution history, all matters of which the Court may take notice, and any other evidence and oral arguments presented at the hearing of the Motion or requested by the Court. Accordingly, Yates hereby respectfully requests this Court enter an Order denying Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

PetSmart filed a Rule 12(b)(6) Motion to Dismiss ("Motion") on December 6, 2021.

Defendant's challenges to the sufficiency of Plaintiff's patent infringement claims are without merit. Defendant relies on premature claim construction arguments and non-infringement defenses that are incapable of resolution on a Rule 12(b)(6) motion. PetSmart's case dispositive Motion would require the Court to construe Plaintiff Yates' patent claims and then to conduct a literal and doctrine of equivalents infringement analysis. Without fact and expert discovery, including infringement and validity contentions, it is far too early to present fully these significant issues of law and fact. Indeed, it is well-established that resolution of claim construction and infringement is inappropriate on a motion to dismiss.

Defendant PetSmart's motion to dismiss would turn a Rule 12(b)(6) on its head, ignoring Yates' properly pleaded allegations and relying on its own claim construction and non-infringement analysis; in effect arguing that the Court should do what it is prohibited from doing when ruling on a Rule 12(b)(6) motion – reject the truth of Plaintiff's allegations, make premature factual determinations and inferences in Defendant's favor, and require Plaintiff to conclusively prove its claims at the pleading stage. Plaintiff's First Amended Complaint ("FAC") more than satisfies minimum pleading requirements.

Accordingly, Defendant's motion to dismiss should be denied.

## II. DISMISSAL OF PLAINTIFF'S PATENT INFRINGEMENT CLAIMS IS IMPROPER

Because Plaintiff's infringement claims are amply supported by the

allegations in the FAC, dismissal is inappropriate under Rule 12(b)(6). *See In re Bill of Lading Transmission & Processing Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (citing *Skinner v. Switzer*, 552 U.S. 521, 529-530 (2011)) (Plaintiff need not "prove its case at the pleading stage").

### A. PLAINTIFF'S PATENT INFRINGEMENT CLAIMS ARE SUFFICIENTLY PLEADED

Plaintiff's patent direct infringement allegations exceed Rule 8's pleading requirements. Defendant's argument that Plaintiff's allegations are insufficient is contrary to controlling law and disregards the allegations in the FAC which must be accepted as true with all reasonable inferences in Plaintiff's favor.

#### 1. Plaintiff Sufficiently Alleges that the Accused Products Infringe Patent 6,708,650

A patent infringement complaint merely "must place the 'potential infringer … on notice of what activity … is being accused of infringement.'" *Pres. Techs. LLC v. MindGeek USA Inc.*, 2019 WL 3213585, at *2 (C.D. Cal. Apr. 2, 2019) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F. 3d 1337, 1350 (Fed. Cir. 2018)). Relying on Federal Circuit precedent, courts in this district hold that patent infringement allegations are sufficiently pleaded if the patent holder "cite[s] the patent that is allegedly infringed; … describe[s] the means by which the defendants allegedly infringe; and … point[s] to the specific sections of the patent law invoked." *CLM Analogs, LLC v. James R. Gildewell Dental Ceramics, Inc.*, 2018 WL 6380887, at *3 (C.D. Cal. Jun 19, 2018) (citations omitted). Moreover, a plaintiff is "not require[d] … to plead facts establishing that each element of an asserted claim is met." *Nalco*, 883 F.3d at 1350. Patent infringement allegations have been sufficient where "the allegation was merely 'that the accused products meet each and every element of at least one claim of the [Asserted Patents], either literally or equivalently.'" *Pres. Techs.*, 2019 WL 3213585, at *2 (quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (internal

quotations omitted); *see also Incom Corp. v. Walt Disney Co.*, 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016) ("Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patented system."); *see also Versata Software, Inc. v. Configit A/S*, LACV2009019JAKMRWX, 2021 WL 5536287, at *12 (C.D. Cal. Sept. 10, 2021) (finding that "identif[ying] the accused products by name … and alleg[ing] that the accused products meet every limitation of at least [one claim of the asserted patents] … plausibly alleges direct infringement").

Here, Plaintiff's FAC specifically identifies the 13 accused infringing products (including Product name, Manufacturer, and Product Link with a website link to the actual product), including screen captures of the accused products from Defendant's own website at petsmart.com, and alleges that the accused products infringe the limitations of claim 6 of the Asserted Patent. *See* Dkt. 25, at 4-5, ¶ 13, at 6-7, ¶¶ 17-20; Dkt. 25-1 Exhibits B1-B13, at 18-43. At the pleadings stage, no more is required; Plaintiff's FAC meets the pleading requirements.

These allegations are more than sufficient to plausibly allege that PetSmart's accused products practice the claimed invention. *See CLM Analogs*, 2018 WL 638-887, at *3 (holding that Rule 8(a) only required plaintiff to cite the asserted patent, describe the means by which defendants allegedly infringe, and point to the patent law invoked); *Incom*, 2016 WL 4942032, at *3; *Endonovo Therapeutics, Inc. v KVP Int'l, Inc.*, 2019 WL 5191856, at *4 (C.D. Cal. June 12, 2019) (Kronstadt, J.) (applying pleading standard articulated in *Disc Disease*, 888 F.3d at 1256, and finding infringement allegations more than sufficient).

    **2.    Defendant's Arguments Improperly Rely on Premature Claim Constructions**

Defendant argues that Plaintiff's infringement allegations are insufficient because, according to Defendant, "Plaintiff has not mapped the limitations of Claim 6 of the '650 Patent to the Accused Products…" Dkt. 29, at 15. Defendant then

offers its own claim construction and implores the Court to ignore the laws governing motions on the pleadings and accept Defendant's version of claim construction. *Id*. Defendant's arguments necessarily implicate issues of claim construction which are premature at the pleading stage. For example, Defendant impermissibly reads limitations into the claims stating that "Claim 6 requires both (1) a ***single*** strap…" – the term "single" does not appear anywhere in Claim 6. Dkt 29, at 15.

Defendant, in effect, requests that the Court resolve issues of claim construction in Defendant's favor at the pleading stage and further accept Defendant's anticipated non-infringement defenses based on Defendant's preferred constructions. This is plainly not a permitted ground for dismissal under Rule 12(b)(6). *See Document Sec. Sys., Inc. v. Nichia Corp.*, 2020 WL 3881623, at *2 (C.D. Cal. Mar. 4, 2020) ("It is clear to the Court that this [claim construction issue] should be resolved at the claims construction stage, and not at the dismiss stage.").

Courts typically hear and decide claim construction in conjunction with or prior to a hearing on summary judgment, only after fact and expert discovery have concluded, with a full understanding of the parties' positions on infringement and validity. PetSmart seeks to turn the case on its head, to decide the merits before the parties have even had a chance to schedule discovery. Claims must be construed as they would be understood by one skilled in the art at the time of filing the patent application, in light of the intrinsic record and extrinsic evidence. *Markman v. Westview Instruments*, 52 F.3d 967, 979-81 (Fed. Cir. 1995) (*en banc*).

Furthermore, the comparison inquiries required for determining literal infringement and infringement under the doctrine of equivalents are complex questions of fact. *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289 (Fed. Cir. 2021) (infringement comparison is a question of fact); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 70 S. Ct. 854, 857 (1950) ("[a] finding of equivalence is a determination of fact"); *Vehicular Tech. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d

1377, 1381 (Fed. Cir. 2000) ("[i]nfringement under the doctrine of equivalents requires an intensely factual inquiry"); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, Ltd., 493 F.3d 1368, 1375 (Fed. Cir. 2007) (*en banc*) ("by its very nature objective unforeseeability depends on underlying factual issues").

Accordingly, construing patent claims and making determinations of literal infringement and infringement under the doctrine of equivalents are not proper for a motion to dismiss.

### 3. If Required, Leave to Amend Would Not Be Futile

Defendant asserts that "[d]ismissal with prejudice is appropriate here" merely because Plaintiff made a prior amendment. Dkt. 29, at 17. No further amendment is required for the reasons discussed above. If the Court were to find that further allegations are necessary, however, then leave to amend is the proper remedy. *See Doc's Dream, LLC v. Dolores Press, Inc.*, 678 Fed. App'x. 541, 542 (9th Cir 2017); Fed. R. Civ. P. 15(a)(2) (providing the "court should freely give leave [to amend] when justice so requires").

## III. CONCLUSION

For at least the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

DATED: January 3, 2022          ZHEN LAW FIRM

                                By:  */s/ Chris J. Zhen*
                                     CHRIS J. ZHEN
                                     Attorneys for Plaintiff
                                     RACHEL YATES

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of January, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission, first class mail, and/or electronic mail.

By: */Chris J. Zhen/*
　　　Chris J. Zhen